THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVERADO ENTERPRISES, INC., et al., | |
| Plaintiffs, | CASE No. 2:13-cv-00062-RAJ |
| v. | ORDER |
| CITY OF SEATTLE, a municipal corporation, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion to remand the state law claims to state court pursuant to 28 U.S.C. § 1441(c)(2). Dkt. # 7.  Defendant City of Seattle ("City") opposes the motion. Dkt. # 8.  Having considered the parties' briefing and the record herein, the court GRANTS the motion to remand for the reasons stated below.

## II. BACKGROUND

The underlying action involves a challenge to the continued existence of Ordinance 123997 enacted by the City in order to regulate nonconsensual towing. Dkt. # 1 (Ex. A to Not. of Removal; Compl.).  The ordinance establishes maximum tow fee limits within the City and implements a licensing and enforcement scheme. Dkt. # 9 (Ex.

A to Seu Decl.).  Plaintiffs originally filed the action in King County Superior Court on November 19, 2012, alleging that the ordinance is preempted under federal and state law, namely, the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(2), Article XI, § 11 of the Washington Constitution, and RCW 46.55.240. Dkt. # 1 ((Not. of Removal) ¶¶ 1 & 4; Ex. A to Not. of Removal; Compl.).

On January 9, 2013, the City filed a notice of removal asserting that this court has federal subject matter jurisdiction pursuant to 28 U.S.C § 1331 and supplemental jurisdiction pursuant to 28 U.S.C § 1367. Dkt. # 1 (Not. of Removal) ¶ 4.  Plaintiffs now seek to remand, contending that "the district court should sever from the action" state law claims and "remand the severed claims" back to state court for resolution, as mandated by 28 U.S.C. § 1441(c)(2). Dkt. # 7 at 1; Dkt. # 12 at 1-2 (Reply).

### III. ANALYSIS

A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 134, 126 S.Ct. 704 (2005) (citing 28 U.S.C. § 1441).  Upon removal on the basis of subject matter jurisdiction, a court must verify that it does in fact have subject matter jurisdiction over at least one of the plaintiff's claims and, if not, it must remand. *Lyons v. Alaska Teamsters Employer Serv. Corp*., 188 F.3d 1170, 1171 (9th Cir. 1999).  The court has subject matter jurisdiction where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A suit arises "under the Constitution, laws, or treaties of the United States," if "the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523 (1997).  Federal courts "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011).

1    Here, Plaintiffs urge the court to "sever" state law claims and remand these claims

2    back to state court for resolution "pursuant to 28 U.S.C. § 1441(c)(2)." Dkt. # 12 at 1-2.

3    This removal statute provides that

4         (1) If a civil action includes--

5         (A) a claim arising under the Constitution, laws, or treaties of the
     United States (within the meaning of section 1331 of this title), *and*
6

7         (B) *a claim not within the original or supplemental jurisdiction of the*
     *district court* or a claim that has been made nonremovable by statute, the
8    entire action may be removed if the action would be removable without
     the inclusion of the claim described in subparagraph (B).
9

10        (2) Upon removal of an action described in paragraph (1), the district
     court shall sever from the action *all claims described in paragraph (1)(B)*
11   and shall remand the severed claims to the State court from which the
     action was removed. Only defendants against whom a claim described in
12   paragraph (1)(A) has been asserted are required to join in or consent to
     the removal under paragraph (1).
13

14   28 U.S.C. § 1441(c) (emphasis added).  There is no question that Plaintiffs' FAAAA

15   claim arises under the laws of the United States and, as such, falls within this court's

16   original jurisdiction.  Thus, the court must determine whether Plaintiffs' remaining state

17   law claims fall within the court's original or supplemental jurisdiction,[1] *see* §

18   1441(c)(1)(B), or should be severed and remanded pursuant to § 1441(c)(2).

19        The court finds that original jurisdiction does not exist over Plaintiffs' remaining

20   claims because these claims allege state, rather than federal, causes of action, and because

21   all parties are residents of Washington for purposes of diversity. *See* 28 U.S.C. §§ 1331

22   & 1332.  The court finds, however, that supplemental jurisdiction exists over Plaintiffs'

23   remaining state law claims because these claims "are so related to [Plaintiffs' federal

24   claim] that they form part of the same case or controversy under Article III of the

25   Constitution." *See* 28 U.S.C. § 1367(a).  The claims form part of the same case or

26

27   _____
     [1] There is no indication that Plaintiffs' state law claims have been made nonremovable by statute.

ORDER - 3

1  controversy when they "derive from a common nucleus of operative fact," such that a

2  plaintiff would ordinarily be expected to try them in one judicial proceeding. *Finley v.*

3  *United States*, 490 U.S. 545, 549, 109 S.Ct. 2003 (1989).  Here, Plaintiffs' complaint

4  makes it clear that both federal and state law claims arise from the same "nucleus of

5  operative facts," namely, that the City ordinance is contrary to both Washington and

6  federal law. *See* Dkt. # 1 at 10 (Ex. A to Not. of Removal; Compl.) ¶¶ 15 & 17.

7  Accordingly, because supplemental jurisdiction over the remaining state law claims

8  exists, 28 U.S.C. § 1441(c) is inapplicable.

9       However, given the novelty of some of the state law questions presented, the court

10  declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  The court

11  may decline to exercise supplemental jurisdiction if (1) the claim raises a novel or

12  complex issue of State law, (2) the claim substantially predominates over the claim or

13  claims over which the district court has original jurisdiction, (3) the district court has

14  dismissed all claims over which it has original jurisdiction, or (4) in exceptional

15  circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §

16  1367(c).[2]

17       Here, Plaintiffs' state law claims raise issues of a developing area of Washington

18  law that have not been addressed by the state courts.  No Washington court has published

19  an opinion involving any aspect of the ordinance; nor has the Washington State Attorney

20  General published any guidance as to its scope, meaning, or application.[3]  The parties did

21

_____

22  [2] The court also finds that Plaintiffs' state law claims appear to substantially predominate over
    the FAAAA claim in terms of scope of issues raised (*see* Dkt. # 1 (Ex. A to Not. of Removal;

23  Compl.) ¶¶ 7-12) and the comprehensiveness of the remedy sought (*see* Dkt. # 1 (Ex. A to Not.
    of Removal; Compl.), Claims ¶¶ 1 & 2).

24  [3] In arguing against claims' novelty, the City relies on an informal, unpublished opinion of the
    Washington Assistant Attorney General to a member of the Washington legislature, explaining

25  that Chapter 46.55 RCW does not preempt a city "from enacting a local [nonconsensual tow fee]

26  ordinance." Dkt. # 8 at 5.  Here, the City's reliance is misplaced because the opinion does not
    address any aspects of the ordinance at issue and, as such, does not appear to provide guidance as

27  to its scope, meaning, or application. *See* Dkt. # 9 (Ex. B to Seu Decl.).

1    not cite, and the court did not find, any state court cases interpreting or addressing any

2    ordinance establishing maximum fee limits in conjunction with a licensing and

3    enforcement scheme.[4]   It appears that the City ordinance, among other things, requires a

4    towing company to obtain and maintain a license (*see* Dkt. # 9 at 15 (Ex. A to Seu Decl.)

5    § 6.214.300) *in addition to* the registration certificate required under state law (*see* RCW

6    46.55.020), requires a separate license *for each office location* and subjects each location

7    to the annual $500 license fee *not required* by state law (*see* Dkt. # 9 at 15 (Ex. A to Seu

8    Decl.) § 6.214.270), authorizes levying *an additional* impound fee for the City's revenue

9    purposes (*see* Dkt. # 9 at 15 (Ex. A to Seu Decl.) § 6.214.350) in contrast to state law (*see*

10   RCW 46.55.063), requires consent, if certain requirements are not met (*see* Dkt. # 9 at 15

11   (Ex. A to Seu Decl.) § 6.214.230), while state law appears to regulate only nonconsensual

12   tows,[5] and it is not clear whether the ordinance includes applicable provisions required by

13   state law (*see*, *e.g.*, RCW 46.55.240(1)(b)).   Because the court believes that a state court

14   is better equipped to first interpret the ordinance and its relationship with other state laws,

15   the court chooses to decline exercising supplemental jurisdiction over Plaintiffs' state law

16   claims.   Allowing the state court to embrace issues of state character under these

17   circumstances "best serves the principles of economy, convenience, fairness, and

18   comity."[6] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614 (1988).

19

20

21

22
     _____

23   [4] Cases cited by both parties are inapposite because they mostly involve issues of federal
     preemption or facts that are inapplicable to the facts here.

24   [5] Chapter 46.55 RCW governs the conduct of "registered tow truck operators" who, by
     definition, only tow "unauthorized" or "abandoned" vehicles. *See* RCW 46.55.010(1), (7), &
     (14).

25   [6] Having found remand of Plaintiffs' state law claims warranted on jurisdictional grounds, there

26   is no need for the court to address alternative *Buford* and *Younger* abstention grounds for
     remand. *See* Dkt. # 8 at 6-9; Dkt. # 12 at 3-6.   The court declines to "stay consideration of the

27   federal issues" at this time because they are not adequately briefed.

1

**IV. CONCLUSION**

2          For all the foregoing reasons, Plaintiff's motion to remand is GRANTED.  The

3     Clerk of Court is DIRECTED to remand Plaintiffs' state law claims to King County

4     Superior Court for further proceedings.

5          Dated this 29th day of May, 2013.

6

7          _____

8          The Honorable Richard A. Jones
           United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27